Daniel INGLE *v.* STATE of Arkansas

CA CR 82-199                                    ___ S.W.2d ___

Court of Appeals of Arkansas
Opinion delivered May 18, 1983

*Robert S. Blatt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant was charged with the manufacture of a controlled substance by planting and growing marijuana and with possession of marijuana with intent to deliver, in violation of Ark. Stat. Ann. § 82-2617

(Repl. 1976). He filed a pretrial motion to suppress based on the contention that evidence seized was in violation of his Fourth Amendment rights. After a hearing, the trial judge denied the motion. Upon trial, appellant was found guilty on both counts.

His first point for reversal is that the trial court erred in denying his motion to suppress as evidence marijuana found growing on his land. The testimony at the suppression hearing was that Officer Ron Lewis of the Arkansas State Police, acting on information from his supervisor, began a search for a marijuana patch in Scott County. He was accompanied by two other officers. According to the testimony, they traveled down an open road known in the community as the Little Texas Road. They crossed a bridge and then took a narrow, unmarked road until they came to a point where it was blocked by rocks and a metal tub. They stopped the vehicle and got out and then observed, some fifteen or twenty yards away, a man with a gun. As Officer Lewis approached the man and looked around the area, he saw a yellow tent approximately twenty yards away. He walked up to the tent and over its top he could see growing plants of marijuana. It was later determined that the land was owned by appellant. Over 3,000 marijuana plants were pulled from the ground and the appellant contends this evidence was seized in violation of the Fourth Amendment to the United States Constitution and should have been suppressed.

In reviewing the action of the trial court in granting or denying motions for the suppression of evidence obtained by warrantless searches, we make an independent determination based upon the totality of the circumstances, but the trial court's finding will not be set aside unless it is clearly against the preponderance of the evidence. *State* v. *Osborn*, 263 Ark. 554, 566 S.W.2d 139 (1978); *State* v. *Tucker*, 268 Ark. 427, 597 S.W.2d 584 (1980).

In *Smith* v. *Maryland*, 442 U.S. 735 (1979), the Court said that in determining whether a search and seizure has occurred within the meaning of the Fourth Amendment, made applicable to the states through the Fourteenth, "our

lodestar" is *Katz* v. *United States*, 389 U.S. 347 (1967). The Court explained that, as noted by Mr. Justice Harlan in his *Katz* concurrence, Fourth Amendment protection normally involves two questions. The first is "whether the individual, by his conduct has 'exhibited an actual (subjective) expectation of privacy,'" and the second is "whether the individual's subjective expectation is 'one that society is prepared to recognize as reasonable.'"

The appellant accepts and relies upon the above rules of law and urges us to follow the case of *United States* v. *Oliver*, 657 F.2d 85 (6th Cir. 1981) in applying these rules to the present case. Appellant, however, has overlooked the fact that rehearing was granted in that case and that the first opinion was reversed. *See United States* v. *Oliver*, 686 F.2d 356 (1982). In the second opinion the trial court's suppression of evidence, seized under circumstances much like those in the case at bar, was reversed. In so holding the court pointed out that *Hester* v. *United States*, 265 U.S. 57 (1924) held that the protection of the Fourth Amendment does not extend to open fields and the court said that *"Hester* is still good Fourth Amendment law." The court concluded:

> [U]nder *Hester* and *Katz* any expectation of privacy that an owner might have with respect to his open field is not, *as a matter of law*, an expectation that society is prepared to recognize as reasonable.

In *Gaylord* v. *State*, 1 Ark. App. 106, 613 S.W.2d 409 (1981), we followed *Hester* in holding no search warrant necessary because the marijuana patch discovered by the officers was in plain view and in an open field. In the instant case there was testimony that the marijuana was found in plain view on open land, down a road accessible to the public. Thus, we agree with the trial court that no search warrant was necessary. Appellant's alternative argument that the yellow tent was a residence for guards and the marijuana patch a part of the curtilage is also rejected. The patch simply does not meet the definition of curtilage given in *Gaylord* as "space necessary and convenient, habitually used for family purposes and for the carrying on of domestic employment."

After the marijuana patch was discovered, the officers traced an irrigation hose across a creek to a pump and followed an electrical cord from the pump to a house trailer. At this point they encountered the defendant and he was asked if the property belonged to him. Upon receiving an affirmative answer, they arrested him. Appellant's second point for reversal is that the trial court should have suppressed this answer because he was not advised of his constitutional rights as required by *Miranda* v. *Arizona,* 384 U.S. 436 (1966).

In *Miranda* the United States Supreme Court said that general on-the-scene questioning as to facts surrounding a crime or other general questioning in the fact-finding process is not improper because in-custody interrogation is not involved. In *Beed* v. *State,* 271 Ark. 526, 543, 609 S.W.2d 898 (1980), the Arkansas Supreme Court said *Miranda* and its progeny were intended to inhibit police misconduct, not the making of incriminating statements. The case of *Parker* v. *State,* 258 Ark. 880, 529 S.W.2d 860 (1975), and the cases cited therein, allowed answers to be introduced into evidence where they were given by defendants without *Miranda* warnings even though the defendants were arrested immediately after answering questions asked by law enforcement officers. In those cases the court said that "police inquiry is purely investigatory and proper until the suspect is restrained in some way."

Appellant argues that the officers had substantial reason to believe that the requested disclosure was likely to be incriminating and, therefore, the *Miranda* warnings should have been given before he was asked if the property was his. *Roberts* v. *United States,* 445 U.S. 552 (1980) is cited in support of that statement. It is hard to see how that case supports appellant's statement, and the statement is certainly not supported by *Beckwith* v. *United States,* 425 U.S. 341 (1976), where the United States Supreme Court indicated it was not impressed with the argument that *Miranda* should be extended to cover interrogation in non-custodial circumstances after a police investigation has focused on the suspect. The Court said that argument went far beyond "the custodial nature of the interrogation which triggered the

necessity for adherence to the specific requirements" of the *Miranda* decision.

In the instant case, when the police officers asked appellant if he owned the property, appellant had not been arrested nor had he been deprived of his freedom in any way. Hence, the answer he made was not the result of an in-custody interrogation, and was not subject to the *Miranda* rule.

Appellant also contends that the trial court erred in denying his motion to suppress evidence seized from his pickup truck. The vehicle was located on property owned by his father, who had given written consent to the officers to search the outbuildings, the residence, and the area around his residence, including the barns and vehicles. The vehicle in question was located approximately twenty-five yards from the father's residence. In the back of the truck there was a green vegetable substance which, according to one of the police officers, appeared to be marijuana. The appellant does not question the right of the police officers to search the premises and, as the state points out, the observation of evidence in plain view is not a search within the meaning of the Fourth Amendment. *Bongfeldt* v. *State,* 6 Ark. App. 102, 639 S.W.2d 70 (1982). "The basic test is whether the officer had a right to be in the position he was when the objects seized fell into his plain view." *Kelley* v. *State,* 261 Ark. 31, 545 S.W.2d 919 (1977).

In the instant case, the marijuana in the back of the truck was within the plain view of the officers while they were rightfully on the premises. It was not error to refuse to suppress that evidence.

We have considered all the arguments made by appellant and are of the opinion that the judgment of conviction should be affirmed.

Affirmed.