James Hamilton PARKMAN *v.* STATE of Arkansas

CR 87-137                                           742 S.W.2d 927

Supreme Court of Arkansas
Opinion delivered January 25, 1988

*William L. Wharton*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. James Hamilton Parkman was convicted of battery in the first degree [Ark. Code Ann. § 5-13-201 (1987)] and sentenced to forty years imprisonment as an habitual offender. He argues on appeal that there was insufficient evidence to support the jury verdict and that the trial court erred in admitting privileged communications into evidence. We find no error and affirm the judgment of the trial court.

Parkman, an ex-convict, first contends that there was insufficient evidence to support the jury verdict since the principal testimony at trial was that of two ex-convicts, Mike Walker and Robert Nease. Walker testified that while Parkman was standing outside of a vehicle in which Walker and Nease, the driver, were sitting, Parkman pulled a gun from behind his back, pointed it at Walker's head, and fired it just as Walker was putting his right hand up to cover his face. The bullet struck and passed through his hand. At trial, Nease identified Parkman as the person who was standing outside of the vehicle. He also testified that when he started to drive away, he heard a gun shot and then Walker remark, "I've been shot. I'm bleeding like a stuck pig." In a tape recording admitted into evidence, Parkman stated to Mike Willingham, a private investigator, that he had hit Walker with a "38."

We affirm if there is any substantial evidence to support the jury verdict. *Robinson* v. *State*, 293 Ark. 243, 737

S.W.2d 153 (1987). Substantial evidence is evidence of such sufficient force and character that it will compel a conclusion one way or the other. *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987). Although the key testimony at trial was given by two ex-convicts, it was for the jury to determine the credibility of these witnesses. *Robinson* v. *State*, 291 Ark. 212, 723 S.W.2d 818 (1987). We find the evidence introduced at trial was sufficient to support the guilty verdict on the charge of battery in the first degree.

Parkman also argues that a taped conversation should have been excluded under the attorney-client privilege. Mike Willingham, a private investigator who had been employed by Parkman's step-mother to assist in investigation and trial preparation for a murder case against Parkman, recorded a conversation between himself and Parkman in which Parkman stated he had hit Walker with a "38." The evidence reveals that Parkman's lawyers did not employ Willingham, but they met with him and used his work product in defending Parkman in the murder case, which resulted in acquittal. In denying Parkman's motion to suppress, the trial court found the attorney-client privilege did not apply because Willingham was not a representative of Parkman's lawyers and because the communications involved matters other than the rendition of legal services. We agree.

Ark. R. Evid. 502(b) provides:

> General Rule of Privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communcations [communications] made for the purpose of facilitating the rendition of professional legal services to the client (1) between himself or his representative and his lawyer or his lawyer's representative, (2) between his lawyer and the lawyer's representative, (3) by him or his representative or his lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

Ark. R. Evid. 502(a)(4) defines "representative of the lawyer" as

"one employed by the lawyer to assist the lawyer in the rendition of professional legal services."

The communications between Parkman and Willingham were not protected by the attorney-client privilege. Willingham was not a representative of Parkman's lawyers under Ark. R. Evid. 502(a)(4) since they did not employ him to assist in the rendition of professional legal services. In addition, the communications were not made for the purpose of facilitating the rendition of professional legal services, which is a prerequisite under Ark. R. Evid. 502(b) to invoking the attorney-client privilege. The telephone conversation between Parkman and Willingham concerned the acquisition and sale of illegal weapons and drugs and the fact that Parkman had shot Walker in the hand. Accordingly, the trial court did not err in admitting a portion of the taped conversation into evidence.

Affirmed.

PURTLE, J., not participating.