Gary Don CAMPBELL and Joel Alen Wood
*v.* STATE of Arkansas

CR 87-185                                    746 S.W.2d 37

Supreme Court of Arkansas
Opinion delivered March 7, 1988

*Hale, Ward, Young, Green, Nixon, Jacobs, Hickey & Hendricks*, by: *Milas H. Hale III*, for appellant Joel Alen Wood.

*Dodds, Kidd, Ryan & Moore*, by: *Richard N. Moore, Jr.*, for appellant Gary Don Campbell.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellants, Joel Alen Wood and Gary Don Campbell, were tried together, convicted of aggravated robbery, and sentenced to forty years imprisonment. Campbell contends that the court erred in refusing to suppress evidence obtained in a search of a vehicle. Wood asserts there was insufficient evidence to support his conviction. Both Campbell and Wood argue that the trial court erred in failing to properly instruct the jury on accomplice liability. We find no error and affirm both convictions.

Monty Cazer, his wife, and their child, were driving on Interstate 30 at approximately 3:30 a.m. on October 14, 1986, when their car ran out of gas. As Cazer was walking along the interstate to get help, a car approached, and one of the men inside asked him if he needed a ride. Cazer got into the car, and he and the four men, Henry Tippitt, Joel Wood, Gary Campbell, and Mark Murphy, rode around for awhile. After they stopped in a motel parking lot, Cazer was beaten up, threatened with death,

robbed, and let out of the car. Subsequently, the police arrived. As Officer Joseph Fisher of the Little Rock Police Department was taking Cazer back to his car, a blue-gray Camaro passed the squad car. Cazer, recognizing the license plate and luggage rack, identified the Camaro as the vehicle which contained the men who had robbed him. He also told the officer to be careful because the men had a knife and gun. Officer Fisher pulled the Camaro over and had the driver, Campbell, exit and stand at the rear of the car. He then went over to the passenger side of the vehicle and asked Murphy to step out. As Murphy exited, Fisher shined a flashlight into the car, at which time he saw some papers on the front floorboard, one of which had the name Monty Cazer written on it. After having Murphy go to the rear of the car, he arrested both men. Fisher immediately went back to the passenger side of the car. As he leaned in to collect the papers from the front floorboard, Fisher saw the handle of a butcher knife sticking up between the seat and the console. He then seized the knife.

## I. VEHICULAR SEARCH

All searches conducted without a valid warrant are unreasonable unless shown to be within one of the exceptions to the rule that a search must rest upon a valid warrant. *Coolidge* v. *New Hampshire*, 403 U.S. 443 (1971); *Johnson* v. *State*, 291 Ark. 260, 724 S.W.2d 160 (1987) (U.S. appeal pending). Campbell contends that none of the exceptions apply in this case and, therefore, the knife was seized in violation of his fourth amendment rights. We disagree.

Although the parties argue the applicability of the plain view exception, we do not resolve this issue since the officer made a valid search and seizure incident to arrest. Ark. R. Crim. P. 12.4 permits an officer, incident to arrest, to contemporaneously search a vehicle and seize things subject to seizure if the circumstances of the arrest justify a reasonable belief on the part of the arresting officer that the vehicle contains things which are connected with the offense for which the arrest is made. Incident to a valid custodial arrest, a police officer may contemporaneously search the passenger compartment of a vehicle as well as examine any containers found within the passenger compartment. *New York* v. *Belton*, 453 U.S. 454 (1981); *Baxter* v. *State*, 274 Ark. 539, 626 S.W.2d 935, *cert. denied*, 457 U.S. 1118 (1982).

Officer Fisher had probable cause to stop the vehicle and detain Campbell and Murphy after Cazer positively identified it as the one containing the men who had robbed him. Once he saw the paper with Cazer's name on it in plain view, *see Johnson, supra; Wright* v. *State*, 267 Ark. 264, 590 S.W.2d 15 (1979), the officer made a valid custodial arrest. A police officer may make a warrantless arrest when he has reasonable cause to believe that a felony has been committed. *See Coble* v. *State*, 274 Ark. 134, 624 S.W.2d 421 (1981), *cert. denied*, 456 U.S. 1008 (1982); *see also Roderick* v. *State*, 288 Ark. 360, 705 S.W.2d 433 (1986); Ark. R. Crim. P. 4.1(a)(1). The contemporaneous search of the passenger compartment and the resulting seizure of the knife were permissible incident to the arrest.

In reviewing a trial judge's ruling on a motion to suppress, we make an independent determination based upon the totality of the circumstances and reverse only if the ruling was clearly against the preponderance of the evidence. *Cook* v. *State*, 293 Ark. 103, 732 S.W.2d 462 (1987). We find that the preponderance of the evidence supports the trial court's refusal to suppress introduction of the knife as evidence.

## II. SUFFICIENCY OF THE EVIDENCE

Wood argues that the evidence was insufficient to support his conviction for aggravated robbery based upon inconsistencies in statements made by the victim. We disagree.

A few hours after the robbery, Cazer gave a statement to police that Murphy, the man next to him in the backseat of the car, threatened to "blow him away." Eight days later, he gave a different statement that Wood, who was seated in the front passenger seat, not Murphy, threatened to kill him. At trial, Cazer admitted that his first statement was incorrect. However, he explained that he was unstable and injured at the time and did not read the statement line by line. He also testified that it was Wood who acted like he had a gun and threatened to "blow him away."

Any inconsistency between a prior statement of a witness and his testimony at trial is a matter of credibility to be determined by a jury. *See Parkman* v. *State*, 294 Ark. 339, 742 S.W.2d 927 (1988); *see also Williams* v. *State*, 289 Ark. 69, 709

S.W.2d 80 (1986). The jury obviously resolved any inconsistencies and found the appellant guilty, as an accomplice, of aggravated robbery. We find there is substantial evidence to support the verdict. *See Parkman, supra.*

## III. INSTRUCTIONS ON ACCOMPLICE LIABILITY

Both Campbell and Wood contend that the trial court erred in refusing to fully instruct the jury on accomplice liability. Their contention has no merit.

■ The appellants proffered four instructions on accomplice liability, based upon case law, which the trial court declined to give. It instead gave AMCI 401. Non-model instructions are to be given only when the trial court finds that an AMCI instruction does not accurately state the law or is inapplicable. *Lair v. State,* 283 Ark. 237, 675 S.W.2d 361 (1984); *Blaney v. State,* 280 Ark. 253, 657 S.W.2d 531 (1983); *Conley v. State,* 270 Ark. 886, 607 S.W.2d 328 (1980). Since AMCI 401 accurately states the law and is applicable, the court did not err.

Affirmed.