Don Chaney ARNDT v. STATE of Arkansas

CA CR 88-141                                    763 S.W.2d 98

Court of Appeals of Arkansas
Division I
Opinion delivered January 18, 1989

*John W. May*, for appellant

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Don Chaney Arndt was convicted of possession of a controlled substance (methamphetamine) with intent to deliver and was sentenced to five years imprisonment and a fine of $2,000.00.

On appeal, Arndt contends that the trial court erred in denying his motion to suppress the evidence of drugs found in his possession because they were obtained as a result of an unlawful search and that the evidence was obtained as a result of his unlawful detention. We find no merit in either argument and affirm.

Tim Land, a state trooper and the arresting officer, testified at the suppression hearing. He said he had received word over the radio to be on the lookout for a vehicle matching the description of

the one appellant was driving, for investigation of driving while intoxicated. He saw the vehicle pull up to an EZ-Mart store. When Land reached the store appellant was pumping gas into his vehicle. Land told appellant he needed to talk with him. As he walked to the front of appellant's vehicle he saw a shotgun lying in the front seat, which he removed for his own protection. He told appellant to pull into an empty parking space when he had finished pumping his gas.

After appellant had moved his car, Land asked him for his driver's license. Appellant gave him the license and asked if he could go pay for the gas. Land told him to do so but to come right back. Land testified that he watched appellant enter the store and go directly past the cash register, at which point appellant "picked up his pace." Land said he followed the appellant because he suspected he might attempt to destroy evidence. He went down a small hallway until he reached the public restroom. The restroom door had no lock and appellant had left the door open "approximately three to five inches."

Land said as he turned toward the door he could see appellant with his pants partially down and a plastic bag protruding from them. He said he reached through the doorway and grabbed the bag as appellant attempted to close the door on him. The bag contained what was ultimately determined to be methamphetamine.

■■ Both sides agree that whether the fourth amendment's prohibition against unreasonable searches and seizures has been violated, turns on the question of whether appellant had a reasonable expectation of privacy under the circumstances. It is a person's reasonable expectation of privacy, not a specific place, which is protected by the fourth amendment. *Gross* v. *State*, 8 Ark. App. 241, 650 S.W.2d 603 (1983). The test in each case should be that of reasonableness, both of the possessor's expectation of privacy and the officer's reason for being where he was. *Gross, supra.* We recognize the line of cases holding that one may have a reasonable expectation of privacy in a bathroom stall of a public restroom. *See People* v. *Kalchik*, 407 N.W.2d 627 (Mich. App. 1987), and the cases cited therein. There may be a reasonable expectation of privacy even when the bathroom stall lacks a door. *See People* v. *Triggs*, 8 Cal. 3d 884, 506 P.2d 232

(1973). We also recognize, however, the following statement found in LaFave, *Search and Seizure* (2d ed. 1987):

> It does not follow, of course, that every instance of police observation in a public rest room constitutes a Fourth Amendment search. There is no justified expectation of privacy as to incriminating conduct which occurs in the public area of a rest room rather than inside one of the stalls. Moreover, if the police merely enter a rest room and see conduct occurring within a stall which is "readily visible and accessible" to any member of the public who so enters, there is again no intrusion into a justified expectation of privacy. Under certain circumstances, even an entry into a locked rest room will not amount to a search. (Footnotes omitted.)

■ What a person knowingly exposes to the public, even in his own home or office, is not a subject of fourth amendment protection. *Katz* v. *United States*, 389 U.S. 347 (1967). It is not an unreasonable search for an officer to move into a position where he has a legal right to be and look for things he may have reason to believe will be seen. *Cordozo & Paige* v. *State*, 7 Ark. App. 219, 646 S.W.2d 705 (1983). It is simply not a search to observe that which is open to view. *Long* v. *State*, 532 S.W.2d 591 (Tex. Crim. App. 1975).

In *Green* v. *State*, 566 S.W.2d 578 (Tex. 1978), the defendant was engaged in sexual misconduct in a viewing booth within an adult bookstore. The curtain to the booth was drawn, except for a three to five inch gap between the curtain and the edge of the booth. Officers stood in the hallway, looked through the gap, and saw the misconduct. The Texas court held that their conduct did not constitute a search and that the defendant had waived any expectation of the right to privacy.

■ In the case at bar, the state trooper had the right to be where he was — in the public hallway adjacent to the restroom. The partially opened door evidences a lack of an expectation of privacy. Like the court in *Green*, we find that the officer's conduct did not constitute a search.

■ Nor do we agree that the appellant was unlawfully detained. Appellant had not been arrested and his detention for

investigation, under the circumstances of this case, was expressly authorized by Ark. R. Crim. P. 3.1.

We find no error in the trial court's denial of the motion to suppress.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.