Mark A. JOHNSON *v.* STATE of Arkansas

CA CR 88-189                                        766 S.W.2d 25

Court of Appeals of Arkansas
Division II
Opinion delivered March 1, 1989

*Laws, Swain & Murdoch, P.A.,* for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Mark A. Johnson, appeals his conviction of possession of a controlled substance with intent to deliver. He received a sentence of five years and was fined

$25,000.

The circumstances leading to appellant's arrest and eventual conviction were a result of a consensual search of his vehicle given after he had been stopped for speeding. Appellant sought to exclude evidence found based on the alleged illegality of the search. A suppression hearing was held on appellant's motion in which he contended that the consent to search was involuntary, and that the arresting officer had no reasonable suspicion to request permission to search the car. Finding that appellant's consent was voluntary, the trial court denied the motion to suppress.

On appeal, appellant again raises the arguments that the consent to search was not voluntary, and that there was no reasonable cause to request a search of the car. In addition, appellant contends that the trial court erred in excluding a proposed jury instruction. We find no error and affirm.

On December 17, 1986, appellant was stopped for speeding on Interstate 40 by State Trooper Blake Wilson. Wilson noticed that appellant had a California driver's license, while the car he was driving displayed Wisconsin tags. When Wilson asked for an explanation, appellant replied that the car was a rental which he was driving one way to Florida to visit his parents for Christmas. He also stated that he planned to return to California by plane.

Wilson had appellant sit in the police car while the ticket was being written, as it was cold outside, and he engaged appellant in conversation. Wilson observed that appellant avoided eye contact with him, and seemed nervous and in a hurry to be out of Wilson's presence.

Wilson then asked appellant for permission to search the car. When asked what Wilson would be looking for, Wilson informed appellant that he would be looking for drugs, large quantities of money, stolen property or firearms. Appellant agreed to allow the search and signed a standardized consent form. Appellant offered to let Wilson look in the trunk, and while doing so, Wilson discovered a small quantity of what he believed to be marijuana in appellant's shaving kit. Wilson placed appellant under arrest, at which time the appellant volunteered that the wrapped Christmas packages in the trunk also contained marijuana. It was later

determined that the packages held 46.1 pounds of marijuana.

All searches without a valid warrant are unreasonable, unless shown to be within one of the exceptions to the rule that a search must rest upon a valid warrant. *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988). Consent is a justification for a warrantless search. *Scroggins* v. *State*, 268 Ark. 261, 595 S.W.2d 219 (1980). The state has the burden of proving by clear and positive testimony that consent to a search was freely and voluntarily given, and that there was no actual or implied duress or coercion. *McIntosh* v. *State*, 296 Ark. 167, 753 S.W.2d 273 (1988). In reviewing a trial court's ruling with respect to a motion to suppress, the appellate court makes an independent determination based on the totality of the circumstances, and reverses only if the ruling was clearly against the preponderance of the evidence. *Campbell* v. *State, supra.*

In contending that the consent to search was not voluntary, appellant makes three arguments in connection with this issue. First, he argues that the consent was a product of coercion by Trooper Wilson. Appellant alleges that the consent was obtained while he was sitting in the front of the police car, where Wilson intimidated him by calling him "boy," and by stating "that he could make it easy or hard on himself." Appellant claims that he was under the impression that he was not free to leave and that the search would have been conducted even in the absence of his consent. Appellant also contends that he was unaware of his right to refuse or limit the search.

It has been held that the burden of proof on the issue of a voluntary consent cannot be discharged by the state merely by showing acquiescence to the search; the state must show that there was no actual or implied coercion. *Malone* v. *State*, 292 Ark. 243, 729 S.W.2d 167 (1987).

In assessing the totality of the circumstances, the knowledge of the right to refuse is only one factor to take into account. *Alford* v. *State*, 291 Ark. 243, 724 S.W.2d 151 (1987). In this case, the consent form signed by appellant expressly provides that the appellant had the right to refuse and to revoke the consent at any time.

Wilson testified that appellant consented to the search by

stating he "wouldn't mind," even after Wilson told him that he would be looking for drugs. Wilson stated that appellant signed the consent form after having read it over, and after Wilson offered to explain any provision that appellant may not have understood. Furthermore, appellant gave his assistance by retrieving the keys, permitting a search of the trunk first, and by opening the trunk for Wilson. These circumstances indicate cooperation on the part of the appellant, and not acquiescence or coercion.

Appellant's cooperation is further demonstrated in that after he was arrested and read the Miranda warnings, he told Wilson that this was his fourth such trip and that he was being paid $2,000, plus expenses. Appellant further stated that this arrangement provided him the means to visit his parents in Florida. Under these circumstances, we cannot say that appellant was coerced into consenting to the search of the car.

Secondly, appellant argues that the consent form itself demonstrates implied coercion because it speaks of an "investigation." He claims that the usage of this term implies that the person is being detained for some violation, indicating that the person is in trouble. However, other express provisions of the form provide that no promise, threat or coercion of any kind has been made, and it states that consent may be refused and revoked. Thus, read in its entirety, the interpretation appellant seeks to place on the form is not warranted.

In appellant's final argument as to the lack of voluntary consent, appellant asks this court to pass on the credibility of the appellant's testimony as compared to that of Trooper Wilson. While we note that the appellant's testimony was diametrically opposed to that of Trooper Wilson, we decline to address this argument. It is not the function of an appellate court to assess the credibility of witnesses. *Jones* v. *State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

In sum, based on a review of all the circumstances, we cannot say that the trial court's finding that appellant's consent was freely and voluntarily given is clearly against the preponderance of the evidence.

Appellant's next point for reversal concerns the refusal of the

trial court to suppress evidence due to the lack of reasonable suspicion to request the consent to search. The basis for this argument is found in *Garrett* v. *Goodwin*, 569 F. Supp. 106 (E.D. Ark. 1982).

The appellant's argument must fail because reasonable suspicion is not required in order to request the consent to search. The question raised by appellant was recently addressed and rejected by the supreme court which declined to extend this requirement beyond roadblock situations. *See McIntosh* v. *State, supra.*

■ As his last issue, appellant claims as error the trial court's refusal to allow a proffered jury instruction. The instruction appellant sought to have the jury consider was based on the above-mentioned argument concerning reasonable suspicion and requesting consent to search. Since it is not the law for requests to search to be made upon reasonable suspicion, it was not error for the court to disallow the instruction. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988).

AFFIRMED.

CORBIN, C.J., and COOPER, J., agree.