Derek Bernard WEBSTER *v.* STATE of Arkansas

CR 89-83                                          777 S.W.2d 849

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*Daniel D. Becker*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was sentenced to life without parole and twelve years for capital murder and theft of property. The sole question presented on appeal is whether the trial court erred in denying appellant's motion to suppress evidence. We find no prejudicial error and affirm the judgment and sentence.

On May 30, 1988, Robert Quinn was murdered at his residence in Hot Springs, Arkansas. The police determined that he died of gunshot wounds from a .22 caliber handgun and that his automobile had been stolen. Shortly thereafter, the appellant was stopped for a traffic violation while driving through Hot Spring County on his way to Texarkana. He was driving the victim's automobile, but the police were unaware of the theft at that time, and he was therefore not detained.

On May 31, 1988, the Texarkana police located the murder victim's stolen automobile while they were investigating a resi-

dential burglary. During the investigation, the police interrogated a person named Troy Pree, who confessed to the burglary. The officers also learned that the appellant was involved in the burglary with Pree, who voluntarily executed a written consent to permit the police to search his apartment. That search produced several items stolen from the burglarized house, located half a block away from Pree's apartment.

During this first search of Pree's apartment, the officers noted two flight bags which Pree identified as belonging to the appellant. At about 6:00 p.m., on the same date, the police obtained a second consent to search Pree's apartment, at which time they seized the appellant's flight bags and searched them. In searching the appellant's flight bags, the police found a .22 caliber pistol and evidence of the murder victim's ownership of the automobile.

The investigation revealed that, after his arrival in Texarkana, the appellant had spent the balance of the night of May 30 with Pree and that he had accompanied him in the burglary of the nearby residence. The officers also learned of the murder and theft of the victim's automobile in Hot Springs, Arkansas. Information provided by the Hot Springs Police Department indicated that the murder victim was killed by shots fired from a .22 caliber pistol.

When the police arrived on May 31 to question Pree, the appellant was no longer at the apartment. It was later determined that the appellant had been present when the police arrived. According to the appellant's testimony, he saw the police inspecting the victim's automobile and heard them say it belonged to a murder victim. At that time, he left the apartment, and the police discovered him the following day hiding in a van behind a funeral home. The appellant indicated that he had returned to Pree's apartment at some point after the police had discovered the car. He stated that, although no officers were present on his return, he was nevertheless unable to get inside because he did not have a key, and no one answered his knock.

The question facing this court is whether the search of the appellant's flight bags was justified. The bags yielded evidence sufficient to sustain a conviction for the murder. However, we do not consider the contents of the bag in determining whether

the search and seizure were legal. In making this determination we consider all of the facts and circumstances within the knowledge of the police.

After the suppression hearing, the trial court made the following findings of fact: (1) Pree was the sole owner (*i.e.,* renter) of the apartment where he resided; (2) he consented to a search of the premises; (3) the appellant was an overnight guest on May 30; (4) the appellant had stated that he lived at another address and had come from Hot Springs; (5) the appellant made no claim of right to access to Pree's apartment; (6) the appellant and Pree were seen leaving the burglarized residence; (7) the appellant had no key to Pree's apartment; (8) the appellant saw the police congregating around the stolen vehicle which he had been driving; (9) the police found additional stolen items on their second search of the premises, including the .22 caliber pistol and the ownership papers to the victim's vehicle; and (10) a warrant for the arrest of the appellant for burglary had been issued.

■ In reviewing the trial judge's ruling on a motion to suppress, the Supreme Court makes an independent determination, based upon the totality of the circumstances, and reverses only if the ruling was clearly against the preponderance of the evidence. *Cooper* v. *State*, 297 Ark. 477, 763 S.W.2d 70 (1989).

■ In deciding the issue before us, we must consider whether the appellant had a reasonable expectation of privacy with respect to the flight bags. In doing so, we consider whether the police had a right, without a warrant, to search the bags. The state argues that the flight bags had been abandoned. If they had indeed been abandoned, the appellant certainly would have had no reasonable right to expect that the contents would remain private and immune from search and seizure. See *Wilson* v. *State*, 297 Ark. 568, 765 S.W.2d 1 (1989). The fact that the appellant fled lends some credence to this argument.

In *Moore* v. *State*, 268 Ark. 171, 594 S.W.2d 245 (1980), we considered whether a person had a reasonable expectation of privacy in his personal luggage in a parked automobile. We concluded that Moore had a reasonable expectation of privacy in his shaving kit, which was locked in the trunk of his personal automobile parked near his motel room. However, in the present case, the appellant was not exercising any dominion or control

over the flight bags. In fact, he did not even have access to them.

In *Wilson* v. *State*, supra, a case involving an appellant's leaving a jacket containing an incriminating pistol at a friend's residence, we discussed the issue of whether the appellant had "relinquished that degree of control, and reasonable expectation of privacy, necessary to sustain a challenge to the legality of the subsequent search and seizure on Fourth Amendment grounds." There we relied upon *Katz* v. *United States*, 389 U.S. 347 (1967), where it was held that a person who knowingly exposes an object to the public cannot expect the protection from unreasonable search and seizure provided by the Fourth Amendment.

█ We must consider whether the seizure of the evidence was lawful, even though the appellant's flight bags were left in an open hallway in a friend's apartment. Only unreasonable searches are prohibited by the Fourth Amendment. In *Wilson* v. *State*, supra, we held:

> There is no evidence that the appellant made any attempt to recover or retrieve these items. Obviously he had renounced or abandoned his rights to privacy and no longer had any reasonable expectation of privacy in the property. It has not been suggested by anyone that the owner of the property where the jacket and pistol were found expected the articles to remain undiscovered. Therefore, we hold that the trial court's ruling was not clearly against the preponderance of the evidence.

Although the appellant may not have abandoned the flight bags within the strict meaning of the term "abandonment," he relinquished his interests in the property to the extent that he could no longer retain a reasonable expectation of privacy with regard to a search of the bags. In the present case, the police knew, at the time of the search, that the appellant had been in possession and control of the murder victim's automobile and that he had fled from his friend's apartment when they arrived. They also knew that he had participated in a burglary, and they had a warrant for his arrest.

█ The appellant may have had a hope that he could retrieve the bags without the police searching them, but he did not have a right, under the circumstances of this case, reasonably to

expect privacy to the extent that it would preclude a search by the police. Although probable cause existed for the issuance of a search warrant, the police chose not to obtain one for the appellant's bags. Nevertheless, the evidence was admissible because the appellant, under the circumstances of this case, had no reasonable expectation of privacy in the flight bags. Therefore, the trial court correctly overruled the appellant's motion to suppress the evidence obtained from the flight bags.

Affirmed.

GLAZE, J., concurs.