Larry FREEMAN *v.* STATE of Arkansas

CA CR 91-137                     824 S.W.2d 403

Court of Appeals of Arkansas
Division II
Opinion delivered February 12, 1992

*Daniel D. Becker* and *Terri Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Elizabeth A. Vines*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Pursuant to Ark. R. Crim. P. 24.3, the appellant, Larry Freeman, entered a conditional plea of guilty to the charge of possession of a controlled substance (marijuana) with intent to manufacture or deliver, reserving the right to

appeal the denial of his motion to suppress. For reversal of the trial court's decision, appellant contends that the court erred in overruling his motion to suppress evidence seized in an illegal search. We find no error and affirm.

At the hearing on appellant's motion, it was disclosed that on June 21, 1990, the Garland County Sheriff's Office received an anonymous phone call reporting that there was a light-colored, older-model, Ford van containing marijuana in the back of it that was parked in the parking lot of the J&B Drive-in in Mountain Pine, Arkansas. Based on this information, Robert Gibbs, a narcotics investigator with the Arkansas State Police, and Larry Sanders, an investigator with the Garland County Sheriff's Department, went to that location, but when they arrived, the drive-in was closed. Through the testimony of these officers, it was further established that they proceeded to drive around the surrounding residential area looking for the van. When they came to the intersection of Main and Sixth Streets, Officer Gibbs observed a van appearing to match the description that had been given sitting in a driveway in front of a mobile home at 301 Sixth Street. The officers pulled into the driveway behind the van, which was occupied by an unidentified man and appellant, who got out of the van from the driver's side. It was said that the mobile home was appellant's residence.

Gibbs testified that he and Officer Sanders exited their vehicle, that it was dark, and that he shined his flashlight on appellant and then toward the rear of the van. He said that, in shining the flashlight through the rear windows of the van from a distance of about five feet away, he observed what he recognized to be marijuana. Gibbs further related that appellant was attempting to close the side door of the van when he told appellant that he had already seen the marijuana, at which time Gibbs said appellant took on a "real resigned appearance" and swung the door open. Inside the rear of the van, there was a bucket containing thirty-two growing marijuana plants. It is this evidence that appellant sought to suppress.

Citing *Alabama* v. *White*, 496 U.S. ___, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) and our decision in *Lambert* v. *State*, 34 Ark. App. 227, 808 S.W.2d 788 (1991), appellant argues that the unverified, anonymous tip and the vague description given of the

van do not support a finding of reasonable suspicion sufficient to warrant the stopping of his vehicle, and thus it was error for the trial court to have denied his motion to suppress. On the other hand, the state contends that the seizure in this case was justified under the plain view doctrine.

Under the plain view doctrine, seized evidence is admissible when the initial intrusion was lawful; the discovery of the contraband was inadvertent; and when the incriminating nature of the evidence was immediately apparent. *Munguia* v. *State*, 22 Ark. App. 187, 737 S.W.2d 658 (1987). Appellant argues that the plain view doctrine is inapplicable only on the ground that the officers were not legitimately on the premises, as having no right to enter upon his driveway. We disagree. We also cannot agree that the officers "stopped" appellant's vehicle under the facts of this case. *See Williams* v. *State*, 26 Ark. App. 62, 760 S.W.2d 71 (1988).

The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected, reasonable expectation of privacy. *Oliver* v. *United States*, 466 U.S. 170 (1984). *See also, e.g. Arndt* v. *State*, 26 Ark. App. 243, 763 S.W.2d 98 (1989); *Ingle* v. *State*, 8 Ark. App. 218, 655 S.W.2d 2 (1983); *Gross* v. *State*, 8 Ark. App. 241, 650 S.W.2d 603 (1983). The Amendment does not protect the merely subjective expectation of privacy, but only those expectations that society is prepared to recognize as reasonable. *Oliver* v. *United States*, 466 U.S. at 177. Citing *United States* v. *Magana*, 512 F.2d 1169 (9th Cir.) *cert. denied* 423 U.S. 826 (1975), we noted in *Gaylord* v. *State*, 1 Ark. App. 106, 613 S.W.2d 409 (1981), that the expectation of privacy in driveways and walkways, which are commonly used by visitors to approach dwellings, is not generally considered reasonable. *Accord United States* v. *Ventling*, 678 F.2d 63 (8th Cir. 1982). Still, the question of whether a driveway is protected from entry by police officers depends on the circumstances, with reference to such factors as accessibility and visibility from a public highway. *United States* v. *Smith*, 783 F.2d 648 (6th Cir. 1986). The test in each case is that of reasonableness. *United States* v. *Magana, supra.*

In the case at bar, the driveway was situated in a residential neighborhood, and the testimony revealed that there

were no fences or other obstructions limiting access to the area, which was clearly visible from the street. We are also impressed that the sliding door to the van was open upon the officers' arrival. Under these circumstances, we are of the opinion that appellant possessed no legitimate expectation of privacy in the driveway, and that the officers' presence there was not violative of the Fourth Amendment.

■ Only unreasonable searches are prohibited by the Fourth Amendment. *Webster v. State*, 300 Ark. 169, 777 S.W.2d 849 (1989). The observation of evidence in plain view is not a search and therefore the resulting seizure is not the product of an unreasonable search. *Johnson v. State*, 291 Ark. 260, 724 S.W.2d 160 (1987). We add that the officer's use of a flashlight to enhance his vision does not alter our decision. *See Texas v. Brown*, 460 U.S. 730 (1983).

■ In reviewing the trial court's action in granting or denying motions to suppress evidence obtained by warrantless searches, we make an independent determination based on the totality of the circumstances, but we will not set aside the trial court's finding unless it is clearly against the preponderance of the evidence. *Haygood v. State*, 34 Ark. App. 161, 807 S.W.2d 470 (1991). We cannot say that the trial court's decision is clearly erroneous.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.