Bilgay LOBANIA *v.* STATE of Arkansas

CA CR 97-592                                         959 S.W.2d 72

Court of Appeals of Arkansas
Division I
Opinion delivered January 21, 1998

Robert C. Marquette, for appellant.

Winston Bryant, Att'y Gen., by: Gil Dudley, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. In a jury trial, the appellant, Bilgay Lobania, was convicted of rape and sentenced to a term of ten years in prison. As his only issue on appeal, appellant contends that the trial court erred in denying his motion to suppress evidence seized in a search of his residence. We reverse, because we agree that the record fails to demonstrate that appellant voluntarily consented to the search.

The testimony adduced at the suppression hearing was as follows. On July 1, 1996, Sergeant Kevin Johnson of the Van Buren Police Department received a report from the victim that she had been raped and kidnapped by the appellant. While en route to appellant's residence, the purported scene of the attack, the victim observed the appellant riding in a vehicle. Officer Johnson initiated a stop, placed appellant under arrest, and transported him to the police department. Appellant is Hispanic, and Johnson perceived that there was a language barrier, so he called in Jose Vasquez, a Spanish-speaking city employee, to act as an interpreter. Officer Johnson testified that he asked Vasquez to advise appellant of the charges against him and to ask appellant if his residence could be searched with reference to a gun that the victim claimed to have been used in committing the offenses. Johnson said that appellant accompanied him, Vasquez, and Officer Brent Grill to

the residence and was present during the search when the gun was found.

Jose Vasquez testified on behalf of the State. He said that he had lived in Mexico for fourteen years and was raised by his grandparents, who spoke Spanish. He then spent nine years in Corpus Christi, Texas, where Spanish was the primary language spoken. Vasquez testified that he moved to Arkansas fourteen years ago when he was age thirty or thirty-two and that he had learned to speak English at that time. He said that he now speaks mostly English, only conversing with his friends in Spanish on an infrequent basis. He testified that he could carry on a conversation in Spanish but that he did not "speak too much of it." Vasquez stated that he had acted as an interpreter in municipal court but that he was not a certified interpreter. He testified that, while he speaks Spanish, "sometimes I need to think a lot, of some of the terms in English. I have to think of the word."

Vasquez further testified that Officer Johnson asked him to tell the appellant why he had been arrested and to advise appellant of his rights. Vasquez said that appellant indicated that he understood by saying that he did not rape the victim. Vasquez stated that Johnson told him to ask appellant for permission to search his residence and that he told the appellant that "Kevin Johnson got a permit to go search his apartment where he lives." He testified that, when he asked appellant for permission to search, appellant responded by saying "okay," or "go ahead." On cross-examination, Vasquez said that "when I told him, you know, you get permission to search his room, and he said, 'okay.'"

All searches without a valid warrant are unreasonable, unless shown to be within one of the exceptions to the rule that a search must rest upon a valid warrant. *Johnson v. State*, 27 Ark. App. 54, 766 S.W.2d 25 (1989). Consent is a justification for a warrantless search. *Id.* When the State claims that a search is justified by consent, it has the burden of proving that the consent was freely and voluntarily given and that there was no actual or implied duress or coercion. *Saul v. State*, 33 Ark. App. 160, 803 S.W.2d 941 (1991). In reviewing the denial of a motion to suppress evidence, the appellate court makes an independent determi-

nation based on the totality of the circumstances, and we reverse the decision only if it is clearly erroneous or clearly against the preponderance of the evidence. *Mounts v. State*, 48 Ark. App. 1, 888 S.W.2d 321 (1994).

From our review of the totality of the circumstances, we hold that appellant did not freely and voluntarily consent to the search of his residence. The interpreter admittedly did not have a strong command of the English language, and we are convinced that he did not effectively communicate the officer's request for permission to search the residence. Vasquez's statements to appellant that the officer "got a permit" and that "you get permission to search" indicate that he told appellant that a search was allowed and forthcoming, rather than asked appellant for his consent to a search. Although perhaps innocently, Vasquez's translation was misleading. The trial court's decision upholding the search is clearly erroneous, and we reverse and remand for a new trial.

STROUD and NEAL, JJ., agree.