

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13-913

| | |
|---|---|
| STEVEN J. SMITH<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** May 7, 2014<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CR–2013-2-4]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Steven J. Smith appeals from his conditional plea of guilty to the charges of manufacturing a controlled substance (methamphetamine) and possession of drug paraphernalia. His plea was conditioned upon an appeal challenging the circuit court's denial of his motion to suppress evidence seized during a search of his residence and his subsequent statements to the police. We affirm.

In September 2012, the Boone County Sheriff's Office received a phone call from a purported kidnapping victim. The victim reported that she and her boyfriend had been kidnapped. She identified her kidnappers by name and directed law enforcement to her location. The GPS on the victim's phone confirmed the location at a house on Erbie Cutoff Road.

When officers arrived at the location, they found the kidnapping victims inside a vehicle parked outside a residence owned by Smith. Smith had not been named as one of the kidnappers; however, one of the alleged kidnappers, who was known to the officers by sight, was observed standing outside the Smith residence near the vehicle. Upon the arrival of the police, the kidnapping suspect ran into the Smith residence.

The SWAT team was assembled and made an attempt to get the suspect to come out of the residence. When that attempt failed, the SWAT team entered the residence to retrieve the suspect. They entered the home through the back door, which opened into the kitchen area of the house. Upon entry into the kitchen, law enforcement observed, in a sink and in a black bag, items used in manufacturing methamphetamine.

The kidnapping suspects were taken into custody. Smith was also taken into custody based upon probable cause for possession of drug paraphernalia with intent to manufacture. Law enforcement obtained a warrant, returned to the home, and seized the items. Smith then gave a statement to police after being advised of his rights. Based on the foregoing, Smith was charged as a habitual offender with manufacturing methamphetamine and possession of drug paraphernalia.

Smith subsequently filed a motion to suppress all evidence obtained from the warrantless search of his home, all evidence obtained from the execution of the search warrant at his home, and all statements made subsequent to the discovery of said evidence. The trial court denied the motion. Smith entered into a conditional plea, reserving his right to challenge the search on appeal.

In reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based upon the totality of the circumstances, reversing only if the circuit court's ruling is clearly against the preponderance of the evidence. *Freeman v. State*, 2012 Ark. App. 144, 391 S.W.3d 682. Any conflicts in the testimony are for the circuit court to resolve because it is in a superior position to determine the credibility of the witnesses. *Id*. The plain-view doctrine may be used to uphold a warrantless seizure of items where, first, the officers were lawfully located in a place to plainly view the object and, second, the object was in plain view and its incriminating nature was immediately apparent. *Fultz v. State*, 333 Ark. 586, 972 S.W.2d 222 (1998). The rationale behind the plain-view doctrine is that the observation of items in plain view is not a search. *Johnson v. State*, 291 Ark. 260, 724 S.W.2d 160 (1987).

Smith argues that the officer's "search" of the items inside his kitchen sink and inside a nylon bag found in his kitchen was improper. He does not contest the legitimacy of the officer's initial entry into the residence to search for the alleged kidnappers. He concedes that the officer's initial warrantless entry into the home was valid. However, he maintains that the lawful search was limited to places in which a kidnapper could be found. Because the suspect for whom the officers were lawfully searching was no longer in the kitchen and because the suspect could not have been hiding in the sink or the bag, Smith claims the officers exceeded the scope of the legitimate warrantless search and contends that the plain-view doctrine does not extend the scope of the search beyond what the exigency required. Then, because the search of the kitchen was improper, any and all warrants issued or interrogations conducted

based upon the illegal search were likewise invalid. As a result, the trial court erred in denying his motion to suppress.

Smith's arguments are unavailing. When trained law enforcement officers enter a home under exigent circumstances, they are scanning and viewing the entire area to avoid any danger involved. Here, one of the officers involved in the retrieval of the alleged kidnappers from the home was a certified, clandestine laboratory investigator. He testified that, within a few seconds of stepping inside the doorway, he saw items he believed to be part of a methamphetamine lab. He further testified that the items were in plain view and that they were not concealed in any way, shape, or form. As such, the plain-view doctrine applies. Because the officers were lawfully located in a place to plainly view the prohibited items and because the objects were in plain view and their prohibited nature was readily apparent, the trial court was correct in denying the motion to suppress.

Affirmed.

WYNNE and VAUGHT, JJ, agree.

*Rebekah J. Kennedy*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.