**UNITED STATES of America, Appellee,**

v.

**Roy L. McMAHAN, Appellant.**

**No. 87–2295.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1988.

Decided July 21, 1988.

**338**

Robert L. Shirkey, Kansas City, Mo., for appellant.

J. Daniel Stewart, Kansas City, Mo., for appellee.

Before FAGG, MAGILL, Circuit Judges, and NICHOL,* Senior District Judge.

PER CURIAM.

Roy L. McMahan appeals from the district court's denial of his motion for new trial based on newly discovered evidence. We affirm.

At McMahan's criminal trial, the Government presented evidence that McMahan paid Frank Allen Yeo and Bobby Joe Boyd to use physical force in collecting a debt owed to McMahan. Boyd testified on behalf of the Government. On direct appeal, we affirmed McMahan's conviction for using extortionate means to collect an extension of credit in violation of 18 U.S.C. § 894(a)(1)-(2). *United States v. McMahan*, 744 F.2d 647, 649, 652–53 (8th Cir. 1984).

After his unsuccessful direct appeal, McMahan filed with the district court a motion for new trial based on newly discovered evidence. *See* Fed.R.Crim.P. 33. McMahan asserted Boyd had committed perjury in testifying at McMahan's trial and that in exchange for his testimony Boyd believed the Government would dismiss any charges pending against him in Colorado. To support his contentions, McMahan pointed to "inconsistencies" between Boyd's testimony at McMahan's trial and Boyd's testimony at Yeo's trial. McMahan also attached Yeo's affidavit. In the affidavit, Yeo stated that Boyd said he would do "whatever it took to keep his jail time to a minimum" and that Boyd indicated he had an agreement with the FBI about his state charges in Colorado. Yeo also stated that Boyd said he was going to lie about McMahan.

The Government denied Boyd's testimony was perjured and also denied it had an agreement with Boyd regarding charges against him in Colorado. After two full hearings in which the parties introduced additional evidence, the district court denied McMahan's motion.

On appeal, McMahan contends: (1) the district court abused its discretion in denying McMahan's request to depose Boyd; (2) the district court abused its discretion in denying McMahan's motion; (3) McMahan was denied due process because Boyd failed to disclose at trial his involvement with stolen cars in Colorado; and (4) the district court did not have jurisdiction to enter judgment against McMahan at his criminal trial. We reject all of McMahan's arguments.

■ McMahan first argues the court abused its discretion by refusing to allow him to depose Boyd. Although Boyd was not deposed, the court did require Boyd to answer two interrogatories going to the key issues presented here: whether the Government had made undisclosed promises to Boyd regarding the disposition of charges pending against him in Colorado; and whether Boyd told anyone he testified untruthfully at McMahan's trial. Further, at one of the evidentiary hearings, the Government introduced an excerpt of Boyd's testimony at a separate probation revocation proceeding. Boyd indicated there that he testified truthfully at McMahan's criminal trial and that the Government had made no promises to him that were not disclosed. McMahan made no effort to subpoena Boyd to appear at either of the evidentiary hearings. Under these circumstances, we conclude the district court did not abuse its discretion in rejecting McMahan's request to depose Boyd.

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

McMahan next argues the district court committed error by denying his motion and, further, that McMahan was denied due process by Boyd's failure to disclose he was involved in stealing and transporting cars from Colorado. We disagree.

■ We do not look favorably on a motion for new trial based on newly discovered evidence. *United States v. Estabrook,* 774 F.2d 284, 290 (8th Cir.1985). The district court has broad discretion in ruling on this type of motion, and we will not reverse unless the district court has clearly abused its discretion. *United States v. Massa,* 804 F.2d 1020, 1022 (8th Cir.1986). Newly discovered evidence that is only impeaching or cumulative to the evidence previously presented will not justify a new trial. *Id.; United States v. Lisko,* 747 F.2d 1234, 1238 (8th Cir.1984). In addition to other requirements, a new trial should not be granted unless the newly discovered evidence is " 'of such nature that on a new trial, [it] would probably produce an acquittal.' " *Massa,* 804 F.2d at 1022 (quoting *United States v. Ventling,* 678 F.2d 63, 67 (8th Cir.1982)); *see Lisko,* 747 F.2d at 1238.

■ Here, in ruling on McMahan's motion, the district court made the following determinations: the "inconsistencies" in Boyd's testimony related primarily to Yeo's role, rather than McMahan's role, in the crime; McMahan failed to present credible evidence of an undisclosed agreement between the Government and Boyd; McMahan failed to present credible evidence that Boyd testified falsely or that the Government knew or should have known of any false testimony; and McMahan failed to show Boyd stole cars in Colorado or that the Government was aware of Boyd's involvement in that activity. In the district court's view, much of the newly discovered evidence was only cumulative or impeaching. The court concluded the evidence presented by McMahan was not the type that would probably produce an acquittal in a new trial, and thus, the court denied McMahan's motion.

After thoroughly reviewing the record, we conclude the district court did not abuse its discretion in denying McMahan's motion. Indeed, the court's ruling is well supported by the record. We also agree McMahan failed to produce credible evidence of Boyd's involvement in Colorado car thefts, and consequently, McMahan was not denied due process on that asserted ground.

■ McMahan finally argues the Government failed to prove his activities affected interstate commerce. McMahan maintains his activities were only local in nature, and if his local activities were sufficient to trigger jurisdiction, McMahan argues the statute under which he was convicted is unconstitutional.

McMahan failed to raise this issue on his direct appeal. Thus, we need not consider it on our review of the district court's denial of McMahan's motion for new trial based on newly discovered evidence. *See United States v. Crocker,* 313 F.Supp. 831, 833 (D.Minn.1970). In any event, the Supreme Court has rejected a similar constitutional challenge to the same statute involved here. *See Perez v. United States,* 402 U.S. 146, 146–47, 156–57, 91 S.Ct. 1357, 1357–58, 1362–63, 28 L.Ed.2d 686 (1971); *United States v. Schaffer,* 539 F.2d 653, 654 (8th Cir.1976) ("It is now well established that § 894 reaches intrastate transactions and that Congress has the constitutional power to reach such transactions."). Under *Perez,* we conclude McMahan's argument is meritless.

Accordingly, we affirm.