931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnie D. FORD, Defendant-Appellant.
 No. 90-3222.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Johnie D. Ford appeals from the district court's denial of his motion for a new trial based on newly discovered evidence and a recantation of testimony. Mr. Ford argues that five witnesses have submitted affidavits containing new information exculpating him, and that a key government witness has recanted damaging trial testimony. The district court denied the motion for a new trial on the basis that the newly discovered information was available to Mr. Ford at the time of trial, and that the purported recantation was not, in fact, a recantation at all. We affirm.
 
 
 3
 Mr. Ford was convicted by a jury on one count of possession of cocaine with intent to distribute and one count of possession of a firearm in connection with a drug trafficking offense. On March 22, 1990, Mr. Ford filed his pro se motion for a new trial based on newly discovered evidence in the form of the affidavits of Robert Haywood, June Jones, Vincent Hunter, Chris Anderson, and Abraham Gorelick. These affiants are either friends or associates of Mr. Ford, some of whom were present at the search of Mr. Ford's home, and they generally state that they have not seen Mr. Ford in the possession of drugs.
 
 
 4
 In order to prevail on a motion for a new trial based on newly discovered evidence, the moving party must show the evidence: 1) is more than impeaching or cumulative; 2) is material; 3) would probably produce an acquittal; and 4) was not known at the time of trial, nor could it have been discovered through reasonable diligence prior to trial. United States v. Allen, 554 F.2d 398, 403 (10th Cir.), cert. denied, 434 U.S. 836 (1977). See also United States v. McMahan, 852 F.2d 337, 339 (8th Cir.1988).
 
 
 5
 The affidavits offered by Mr. Ford do not qualify under Allen as newly discovered evidence that would justify granting his motion for a new trial. The affidavits of Hunter and Anderson are dated July 26, 1989, and July 27, 1989, respectively, indicating they were taken prior to Mr. Ford's trial on August 1 and 2 of 1989. Since these statements were dictated to and handwritten by Mr. Ford's attorney, it is clear that Mr. Ford had access to this information prior to trial, and it can hardly be classified as newly discovered evidence. The affidavit of Jones cannot be deemed newly discovered evidence because Mr. Ford has not shown why the information contained in it was not available at the time of trial. Also, the Jones affidavit is confused, contradictory, and would almost certainly not have affected the result of the trial. The Gorelick affidavit consists of hearsay that would not be admissible at trial and, therefore, would not have changed the outcome. Therefore, the district court properly held that the affidavits of Hunter, Anderson, Jones, and Gorelick do not constitute newly discovered evidence.
 
 
 6
 Mr. Ford claims the testimony of Robert Haywood was critical to his conviction because Mr. Haywood testified he had seen Mr. Ford with cocaine in January 1989. Mr. Ford now presents two affidavits which he claims show that Mr. Haywood has recanted his testimony tying Mr. Ford to drug trafficking. Specifically, the Haywood affidavits dated October 18, 1989, and January 10, 1990, state that "I didn't see Johnnie with no drug on Feb. 3, 1989. He didn't sell me any drug," and "Johnny never sold me no drugs on Feb. 3, 1989."
 
 
 7
 First, these statements cannot be considered newly discovered evidence because Mr. Haywood testified at trial and could easily have been cross-examined on this issue by Mr. Ford. Also, Mr. Ford fails to demonstrate how this information would have affected the outcome of the trial. In fact, whether Mr. Haywood observed Mr. Ford selling cocaine on February 3, 1989, seems of little consequence.
 
 
 8
 Second, Mr. Haywood testified at trial that, although he was not present when the search warrant was executed at Mr. Ford's home on February 3, 1989, he had been involved in a cocaine purchase with Mr. Ford sometime in January 1989. We believe the district court was correct in concluding that Mr. Haywood's affidavits do not constitute a recantation of his testimony because the statements in the affidavits are not necessarily inconsistent with his testimony. Mr. Haywood did not testify at trial that he saw Mr. Ford in possession of cocaine on February 3, 1989. Thus his affidavits did not point to the falsity of testimony leading to Mr. Ford's conviction. A trial court should not grant a motion for a new trial unless it finds that the testimony at trial was actually false. United States v. Page, 828 F.2d 1476, 1478-79 (10th Cir.), cert. denied, 484 U.S. 989 (1987). There was no need for the district court to conduct a hearing in this case absent a recantation of testimony. In addition, Mr. Haywood subsequently recanted his recantation, stating that he was pressured into the original recantation by members of Mr. Ford's family and Mr. Ford's attorney. See R.I., 62, Transcription of Taped Interview of January 23, 1990, Between ATF Agent Alex McCauley and Robert Haywood.
 
 
 9
 Therefore, we hold the district court did not err in concluding that the affidavits offered as newly discovered evidence could not be classified as such, and that the purported recantation of Robert Haywood did not constitute sufficient grounds for granting Mr. Ford's motion for a new trial.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3