**UNITED STATES of America, Appellee,**

v.

**Paul John LEISURE, a/k/a John Paul Leisure, Appellant.**

**No. 91–2092.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 7, 1991.

Decided Nov. 27, 1991.

Richard H. Sindel, Clayton, Mo., for appellant.

James E. Crowe, Jr., St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Paul John Leisure appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his motion for new trial based on newly discovered evidence.[2] For reversal, Leisure argues that the district court erred in not finding: (1) the statement of Kenneth Loewe, (2) the testimony of Robert Carbaugh, and (3) the statements of Robert Allen constituted newly discovered evidence requiring a new trial. For the reasons discussed below, we affirm the order of the district court.

This court is familiar with the facts underlying this case. *See United States v. Leisure,* 844 F.2d 1347 (8th Cir.), *cert. de-*

*nied,* 488 U.S. 932, 109 S.Ct. 324, 102 L.Ed.2d 342 (1988). On April 2, 1985, Leisure was convicted, by a jury, of violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c); conspiracy to commit RICO, 18 U.S.C. § 1962(d); obstruction of justice, 18 U.S.C. § 1510 (1982)[3]; and construction of a destructive device, 26 U.S.C. §§ 5861(f), 5871.

■ Leisure has three claims of newly discovered evidence. First, he claims that a statement given to the FBI by Kenneth Loewe on May 2, 1984, is newly discovered evidence. Leisure claims that in this statement Loewe admits involvement in the car bombing of Jimmy Michaels, II, and that Loewe's statement differs from the government's version at trial. Loewe's statement is silent about Leisure's involvement in the bombing.[4] Second, Leisure alleges that Robert Carbaugh's testimony in a state court murder trial amounts to newly discovered evidence. Carbaugh and Leisure were co-defendants in the federal RICO trial, and Carbaugh testified at trial that he (Carbaugh) did not kill Michael Kornhardt (Kornhardt's murder was one of the predicate acts for the RICO charge). At the state murder trial of Anthony Leisure for the murder of George "Sonny" Faheen, Carbaugh testified that he had killed Kornhardt and that he had lied at the federal trial. Both of these statements are nothing more than impeachment evidence which do not warrant a new trial. *United States v. Daniele,* 931 F.2d 486, 489 (8th Cir.1991).

■ Third, Leisure alleges that statements of Robert Allen to Jesse Stoneking, a witness cooperating with the government, undercut the probable cause showing made to support a wiretap at Leisure's business, LN & P Towing. We hold that

---

1. The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri.

2. *United States v. Leisure,* No. S1–83–81 CR(2) (E.D.Mo. Apr. 15, 1991) (order denying motion for new trial).

3. This statute has been subsequently amended. *See United States v. Leisure,* 844 F.2d 1347,

1364–65 (8th Cir.), *cert. denied,* 488 U.S. 932, 109 S.Ct. 324, 102 L.Ed.2d 342 (1988).

4. We question whether this is even newly discovered evidence as this statement is discussed in Leisure's direct appeal to this court. There we found "that the statement was not sufficiently exculpatory to warrant a new trial." *Id.* at 1361.

**524**

probable cause for this wiretap was established by other evidence and independent investigation as well as from confidential informants, so this one conversation would not have affected the finding of probable cause.

Accordingly, we affirm the order of the district court denying Leisure's motion for a new trial based on newly discovered evidence. *See* 8th Cir.R. 47B.