**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 94-5904

RODNEY GOODSON, a/k/a Goody,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-6524

RODNEY GOODSON, a/k/a Goody,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-91-189)

Submitted: December 31, 1996

Decided: January 31, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Maria T. Goldcamp, ROBINSON & RICE, L.C., Huntington, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,

John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Goodson was part of a major drug conspiracy which transported cocaine from Columbus, Ohio, to Huntington, West Virginia, where it was turned into crack and sold. Goodson was frequently employed to transport the drugs, often receiving a small amount of cocaine or crack for his personal use as payment. Goodson also sold cocaine and crack, which he obtained from suppliers in Ohio, to dealers and users in West Virginia. Goodson was convicted by a jury of one count each of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994), and possession of cocaine and cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994), and sentenced to concurrent 235-month sentences. During sentencing, the trial court found Goodson liable for approximately 1900 grams of crack cocaine.

The majority of the evidence against Goodson came from the testimony of co-conspirators. After his conviction, Goodson filed two motions for a new trial, alleging that one of the witnesses lied, but both motions were denied. On appeal, Goodson alleges six errors: (1) that his convictions should be reversed because exempted persons served on the jury; (2) that the district court's failure to sequester two witnesses during the trial warrants reversal of his convictions; (3) that the district court abused its discretion by denying his motion for a new trial based on newly discovered evidence; (4) that the district erred in its determination of the amount of drugs attributable to him; (5) that trial defense counsel rendered ineffective assistance; and (6) that the trial judge erred in his instructions concerning the elements

2

of proof. Finding no error, we affirm Goodson's convictions and sentence and the district court's order denying Goodson's motion for a new trial.

Goodson waived the issue concerning juror qualification at trial by failing to make a timely objection. 28 U.S.C. § 1867(a) (1994); United States v. Webster, 639 F.2d 174, 180 (4th Cir. 1981), modified on other grounds, 669 F.2d 185 (4th Cir. 1982). Moreover, we find no plain error. See generally United States v. Olano, 507 U.S. 725, 731-32 (1993) (test for plain error); United States v. Cedelle, 89 F.3d 181, 184-85 (4th Cir. 1996) (same). Goodson's argument concerning the failure to sequester two witnesses was likewise waived, and there was no plain error.

This court reviews the district court's decision denying Goodson's motion for a new trial for an abuse of discretion. United States v. McMahan, 852 F.2d 337, 339 (4th Cir. 1988). Motions for a new trial based on newly discovered evidence are not looked upon favorably. Id. We find that the district court did not abuse its discretion because Goodson failed to satisfy the requirements set forth in United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993). Goodson is merely attacking the credibility of one of the primary witnesses against him, which he also attempted to do at trial.

The district court's factual determination concerning the amount of drugs attributable to Goodson should be upheld absent clear error. United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131). In the present case, there was ample evidence to support the trial judge's decision. Several co-conspirators testified that Goodson played a major role in the conspiracy, was fully aware of the wire transfers of drug proceeds, and transported large quantities of cocaine and crack.

As a member of the conspiracy, Goodson is accountable for all of the drugs reasonably foreseeable to him. United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993), cert. denied, 510 U.S. 1125 (1994); United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir. 1993). Since the

3

amount of drugs seized did not reflect the scale of the offense, the district court was allowed to estimate the amount attributable to Goodson. United States v. Kennedy, 32 F.3d 876, 887 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6500). Goodson's claims that the witnesses against him were not credible are not sufficient to rebut the findings contained in the pre-sentence report. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

A claim of ineffective assistance of counsel is not cognizable on direct appeal unless counsel's deficiency clearly appears on the face of the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). There is no such showing on this record.

Finally, Goodson argues that the trial judge erroneously failed to instruct the jury that in order to convict him of possession and distribution of cocaine base/crack, the Government must prove that the substance was prepared with sodium bicarbonate (baking soda) and that Goodson knew that this was how cocaine base/crack was prepared. This issue was waived at trial by virtue of Goodson's failure to object to the instructions, and we find no plain error.

We therefore affirm the findings and sentence of the district court (No. 94-5904), and the district court's order denying Goodson's motion for a new trial (No. 95-6524). Goodson's motions to file a pro se supplemental brief in both cases are granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4