UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4451

KEITH DESMOND WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Thomas A. Wiseman, Jr., Senior District Judge,
sitting by designation.
(CR-94-95)

Submitted: March 31, 1997

Decided: October 28, 1997

Before ERVIN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Keith Wright was convicted by a jury of one count of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994), and aiding and abetting in the same in violation of 18 U.S.C. § 2 (1994). Wright raises ten issues on appeal: (1) whether the district court abused its discretion when it limited defense counsel's cross-examination of two witnesses; (2) whether the district court erred by admitting his pre-polygraph statements; (3) whether he was entitled to a hearing in which he would have the opportunity to prove actual juror bias; (4) whether the district court abused its discretion by denying his motion for new trial; (5) whether the evidence was sufficient to support the finding of guilty; (6) whether the district court was clearly erroneous in its determination of the amount of drugs attributable to him; (7) whether the district court erroneously determined that he exercised a supervisory role in the conspiracy; (8) whether the district court erred by enhancing his base offense level for possession of a firearm during the conspiracy; (9) whether the district court erred by enhancing his base offense level for perjury; and (10) whether the district court erred by not granting him a downward adjustment for acceptance of responsibility. Finding no reversible error, we affirm.

Wright was a member of a large drug conspiracy which distributed approximately 100 kilograms of crack cocaine and six kilograms of powder cocaine between 1990-94. The evidence showed that Wright was a mid- to upper-level manager in the conspiracy. Police officers eventually arrested him during a sting operation. Most of the testimony against Wright at trial came from his alleged co-conspirators.

Restrictions on the scope of cross-examination are within the sound discretion of the trial judge, and trial courts are generally given wide latitude to set reasonable limits to prevent harassment, prejudice, or

2

confusion of the issues, United States v. Ambers , 85 F.3d 173, 175-76 (4th Cir. 1996), and we find no abuse of discretion in the present case. Defense counsel's strategy was to discredit the witnesses by showing that they had a motive to testify falsely (i.e., to receive a more favorable sentence). This was adequately accomplished by questioning the witnesses about the terms of their plea agreements. We agree with the district court's determination that the proposed lines of questioning were irrelevant.

We also find that the district court did not err by denying Wright's motions to suppress incriminating statements made during a pre-polygraph interview, for an evidentiary hearing on alleged juror bias, and for a new trial. Wright signed a written waiver of rights form prior to the pre-polygraph interview. We find that the record supports the district court's determination that Wright's execution of the form was knowing, voluntary, and performed after consultation with counsel, who was also present throughout the interview. We decline to address whether Wright's failure to execute a prior non-attribution agreement is dispositive because we find that the waiver superseded any such agreement.

We review the district court's decision concerning whether to order an evidentiary hearing on juror bias for abuse of discretion. United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988). "To justify a post-trial hearing involving the trial's jurors, the defendant must do more than speculate; he must show clear, strong, substantial and incontrovertible evidence . . . that a specific, non-speculative impropriety occurred." Tejada v. Dugger, 941 F.2d 1551, 1561 (11th Cir. 1991) (citations and internal quotation marks omitted) (ellipses in original). We find that Wright failed to meet this burden. His claims were based solely on a telephone call allegedly made to defense counsel after trial by a juror who informed counsel about the actions of two jurors. Counsel did not produce an affidavit from the juror making the allegations, only his notes from the telephone conversation. Accordingly, Wright failed to make a threshold showing of juror bias, and a hearing was not required. Moreover, the biases alleged by Wright were internal in nature[1] and any testimony concerning them

---

1 See Tanner v. United States, 483 U.S. 107 (1987) (jury's verdict can only be impeached upon a showing of external influences such as media reports and blackmail of a juror); see also Gravely, 840 F.2d at 1159 (burden on defendant to show that influence was external).

3

would have impermissibly infringed on the deliberation process.**2**

This court reviews the district court's decision denying Wright's motion for a new trial for an abuse of discretion, United States v. McMahan, 852 F.2d 337, 339 (8th Cir. 1988), and we find no such abuse here. Motions for a new trial based on newly discovered evidence are not looked upon favorably. Id. In the present case, Wright fails to meet his burden established by this court in United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993). **3**

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). In the present case, we find that the evidence overwhelmingly supports Wright's conviction, and we reject his assertion that dismissal of the conspiracy count as a result of a hung jury was the equivalent of an acquittal, which would preclude the consideration of co-conspirator testimony.**4**

Finally, we find that the record supports the district court's determination as to the amount of drugs attributable to Wright and the court's calculation of his base offense level under the Sentencing Guidelines.**5** We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2** See Fed. R. Evid. 606(b) (prohibiting inquiry into the deliberation process).

**3** Specifically, Wright failed to show that his claims concerning counsel were material to his conviction or that having counsel of choice would have resulted in acquittal. Wright's claims that one of the Government's witnesses was coerced to testify, even if true, were merely impeaching. Finally, Wright's claims concerning Government retaliation for proceeding to trial were refuted by the counsel who represented him during plea negotiations, and, in any event, they were not "new" because Wright was aware of the Government's position prior to trial.

**4** See United States v. Arrington , 719 F.2d 701, 703 n.3 (4th Cir. 1983).

**5** United States Sentencing Commission, Guidelines Manual (Nov. 1995).

4