MEMORANDUM OPINION AND ORDER
 

 ASPEN, Chief Judge.
 

 Pro se plaintiff Eugene Anderson brought a rather unintelligible complaint
 
 *927
 
 against the City of Chicago’s Department of Streets and Sanitation as well as the former Commissioner of the Department, a Department representative, and an administrative hearing officer. He claims violations of his procedural due process and equal protection rights under the Illinois Constitution and United States Constitution, as well as a violation of the U.S. Constitution’s Fourth Amendment prohibition against unreasonable searches and seizures. The City moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint as to all defendants for failure to state a claim on which relief may be granted.
 
 [1]
 
 As explained below, we grant in part and deny in part the motion.
 

 This lawsuit stems from a $110.00 fine Anderson received from the City based on his failure to erect a fence around a vacant lot he owns.
 
 [2]
 
 Because of some initial confusion regarding the address of the lot— the entire address is 6901-6918 S. Parnell — the City sent Anderson two separate citations and set two separate hearing dates for the same piece of property, one referencing 6901 S. Parnell and one referencing 6905 S. Parnell. An administrative hearing officer entered a default judgment after Anderson failed to attend the first hearing, but later vacated the decision on a motion by Anderson, when he attended the second hearing. Given the confusion, the officer then continued the hearing until a later date, at which Anderson testified that he owned the property at 6901 S. Parnell and that there was no fence on the lot. Based on this evidence, the hearing officer found in favor of the City, fined Anderson $110.00 and gave him 60 days to erect a fence on his property.
 
 [3]
 

 Anderson first complains that the City violated his procedural due process rights under the Illinois Constitution because he did
 
 not receive a
 
 warning about the need to fence his lot prior to receiving the citation and notice of hearing. In Illinois, however, procedural due process requires only “a fair hearing before a fair tribunal.”
 
 Colquitt v. Rich Township High School, Dist. No. 227,
 
 298 Ill.App.3d 856, 232 Ill-Dec. 924, 699 N.E.2d 1109, 1116 (1998). Further, “a fair hearing before an administrative agency includes the opportunity to be heard, the right to cross examine adverse witnesses, and impartiality in ruling upon the evidence.”
 
 Lakeland Const. Co. v. Department of Revenue,
 
 62 Ill.App.8d 1036, 20 Ill.Dec. 26, 379 N.E.2d 859, 862 (1978). Anderson does not complain that any of these standards were not met, and he took full advantage of his opportunity to contest the citations in an administrative hearing prior to his being fined. In fact, Anderson successfully challenged the imposition of an earlier fine by showing he had not received notice of the first hearing due to the City’s mistake with regard to the property’s address. Anderson has not alleged that he was denied any procedural due process protections during the adjudication of his citation, and thus we dismiss his procedural due process claim.
 

 Anderson’s Fourth Amendment claim is also meritless. The Fourth
 
 *928
 
 Amendment protects individuals from unreasonable searches and seizures. And it is well established that “[w]hat a person knowingly exposes to the public, ... is not a subject of Fourth Amendment protection.”
 
 United States v. Evans,
 
 27 F.3d 1219, 1228 (7th Cir.1994) (citing
 
 United States v. Ventling,
 
 678 F.2d 63, 66 (8th Cir.1982)). Anderson was cited for failure to erect a fence on his property and for failure to cut down tall weeds. Both of these conditions are easily visible from the public streets that border his land on two sides. For this reason, we dismiss Anderson’s Fourth Amendment claim as well.
 

 Reading Anderson’s complaint in the light most favorable to him, as we must on a motion to dismiss,
 
 see Hi-Lite Products Co. v. American Home Products Corp.,
 
 11 F.3d 1402, 1405 (7th Cir.1993), we find that he successfully alleges a violation of his constitutional right to equal protection. In paragraph two of his complaint he alleges that he was denied equal protection because of his race. In paragraph seven he alleges that “other surrounding lots have not been required to comply with City codes.” Anderson is appearing
 
 pro se,
 
 so we construe his complaint liberally at this stage.
 
 See Mallett v. Wisconsin Div. of Vocational Rehab.,
 
 130 F.3d 1245 (7th Cir.1997). Because it is possible that Anderson could prove that the City singled out his property for citation because of his race, thus engaging in a form of selective prosecution in violation of the equal protection clause, we will not dismiss his equal protection claim at this time.
 
 See Wayte v. United States,
 
 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (“[T]he decision to prosecute may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights”) (citations omitted). If Anderson is later unable to present evidence that he was cited for noncompliance with the city codes because of his race, his equal protection claim may be disposed of on summary judgment.
 

 Finally, the City moves to dismiss Anderson’s claims against the individual defendants.
 
 [4]
 
 Anderson does not state whether he is suing the individual defendants in their individual or official capacities. Generally, in the absence of any designation, there is a presumption that suits against public officials name them in their official capacity only.
 
 [5]
 

 See Yeksigian v. Nappi,
 
 900 F.2d 101, 104 (7th Cir.1990). However, we must also examine how the parties treat the suit to determine in which capacity the individual defendants are sued.
 
 See Shockley v. Jones,
 
 823 F.2d 1068, 1071 (7th Cir.1987). In this case, there is evidence that both parties construe the complaint as suing the individual defendants in their individual capacities.
 

 First, Anderson asks for punitive damages, which are only available from defendants sued in their individual, not official, capacities.
 
 See Hill v. Shelander,
 
 924 F.2d 1370, 1373 (7th Cir.1991). Additionally, the defendants claim that administrative hearing officer Agusto is immune from liability, a defense available only for individual capacity suits.
 
 See Kentucky v. Graham,
 
 473 U.S. 159, 166-167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Finally, the defendants argue that none of the individual defendants were directly liable for Anderson’s alleged constitutional deprivations, a causal link required only in individual capacity suits.
 
 See Crowder v. Lash,
 
 687 F.2d 996, 1005 (7th Cir.1982) (“To
 
 *929
 
 recover for (individual) damages under 42 U.S.C. § 1983, a plaintiff must establish defendant’s personal responsibility for the claimed deprivation of a constitutional right”). Thus, we will analyze Anderson’s complaint as if he means to sue the defendants in their individual capacities.
 
 [6]
 

 It is clear Anderson cannot maintain a cause of action against defendant Carey in her individual capacity because he does not provide a single allegation about her in the body of his complaint, instead merely naming her in the caption.
 
 See Potter v. Clark,
 
 497 F.2d 1206, 1207 (7th Cir.1974) (“Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints”). To state a cause of action against a person in his or her individual capacity, there must be an allegation of direct responsibility for the alleged constitutional deprivation.
 
 See Moore v. Indiana,
 
 999 F.2d 1125, 1129 (7th Cir. 1993). Because Anderson makes no allegations about Carey, we dismiss the complaint against her.
 
 [7]
 

 We also find that Anderson does not adequately allege direct responsibility by defendant Costello for Anderson’s claimed deprivation of equal protection. As we explained above, the only surviving allegation of the complaint is Anderson’s equal protection claim that his property was singled out for a penalty because of his race. As a non-attorney representative for the City, Costello merely attended the hearing and asked Anderson a few questions about the address of the lot, whether Anderson owned the lot, and whether there was a fence on the lot. Regardless of whether Anderson is able to prove that the City selected his property for citation because of his race, he does not make such allegations with regard to Costello specifically, and Costello’s actions do not create a causal connection to the alleged Equal Protection violation.
 

 Finally, we dismiss the complaint as to defendant Agusto because we find that he is immune from individual liability since he decided to impose a fine against Anderson during the course of his duties as a city agency official engaged in the adjudication of city regulatory matters.
 
 See Scott v. Schmidt,
 
 773 F.2d 160, 163 n. 4 (7th Cir.1985). Moreover, there were sufficient procedural safeguards to insure that Anderson’s rights were protected in this quasi-judicial forum, including Anderson’s ability to question and cross-examine witnesses, the requirement that a record of the proceedings be kept, and Anderson’s right to appeal to Illinois state court. We thus find Anderson’s claim against Agusto to be barred.
 

 For the foregoing reasons, we deny defendants’ motion to dismiss Anderson’s equal protection claim against the City of Chicago, but we dismiss the remainder of Anderson’s claims against both the City of Chicago and the individual defendants. It is so ordered.
 

 [1]
 

 . In his response to the motion to dismiss, Anderson merely offers general objections to
 
 the
 
 City’s arguments and states without explanation that he is entitled to a default judgment, a request we deny because there is no basis for default.
 

 [2]
 

 . Anderson was cited for violations of City code sections 7-28-120, failure to cut tall grass on his property, and 7-28-750, failure to erect a fence on his lot.
 

 [3]
 

 . Anderson contends that the hearing officer also ordered the City to remove certain poles it had placed on the lot, and that the City failed to do so. However, a review of the documents Anderson attaches to his complaint reveals that the officer merely ordered Anderson to find out from his alderman whether
 
 the
 
 City was responsible for the poles. Anderson attaches a letter from his alderman which denies any responsibility for placing the poles on the lot, but offers no evidence in support of his assertion that the hearing officer failed to enforce an order against the City to remove the poles.
 

 [4]
 

 . Because Anderson’s only remaining claim is his equal protection claim, we will analyze the individual defendant’s liability with regard to this allegation only.
 

 [5]
 

 . We assume without deciding that Anderson means to bring his lawsuit pursuant to 42 U.S.C. § 1983, which creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. This assumption does not change our analysis.
 

 [6]
 

 . If Anderson means to sue the individual defendants only in their official capacities, it is not necessary for him to name them in his complaint, since an "official capacity suit is really just another way of suing the government”,
 
 Conner v. Reinhard,
 
 847 F.2d 384, 394 (7th Cir. 1988). Thus, we may dismiss defendants sued in their official capacity without affecting Anderson’s rights against the City.
 

 [7]
 

 . In his reply brief, Anderson argues against dismissal of Carey on tlic ground that she is "charged with the Administration of the Law relating to some particular subject matter, or the management of some Bureau or Agency of the Government.” Anderson does not make any allegations of specific involvement against Carey. If anything, his statement demonstrates that he may actually be suing Carey in her official capacity.